**Opinion issued February 21, 2019**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-18-00380-CR

———————————

## JORGE ALBERTO PEREZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

On Appeal from the 458th District Court
Fort Bend County, Texas
Trial Court Case No. 16-DCR-073216A

## MEMORANDUM OPINION

A jury convicted appellant, Jorge Alberto Perez, of the offense of misappropriation of fiduciary property. On January 12, 2018, the trial court signed its judgment finding appellant guilty and assessing punishment at two years' confinement in state jail, probated for three years. Appellant filed a motion for new

trial on February 12, 2018 that the trial court subsequently denied. On May 14, 2018, appellant filed a notice of appeal. We dismiss the appeal for lack of jurisdiction.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). In a criminal case, a defendant's notice of appeal is due within thirty days after sentence is imposed in open court or the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2(a)(1). The deadline to file a notice of appeal is extended to ninety days after the sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a)(2). The time for filing a notice of appeal may be further extended if, within fifteen days of deadline for filing the notice of appeal, appellant files the notice of appeal and a motion complying with Rule 10.5(b). TEX. R. APP. P. 26.3.

In this case, the trial court's judgment of conviction was signed on January 12, 2018. Because appellant filed a motion for new trial on February 12, 2018, the deadline for his notice of appeal was extended to April 12, 2018, ninety days from the signed judgment. *See* TEX. R. APP. P. 26.2(a)(2). Appellant's notice of appeal filed on May 14, 2018 was untimely filed thirty-two days after the deadline.

This Court has no authority to allow the late filing of a notice of appeal except as provided by Rule 26.3. *See Olivo*, 918 S.W.2d at 522. If an appeal is not timely perfected, then a court of appeals does not obtain jurisdiction to address the merits

2

of the appeal and can take no action other than to dismiss the appeal. *See Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998).

Although appellant may seek an out-of-time appeal from the Texas Court of Criminal Appeals by application for writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure, this relief is beyond our court's jurisdiction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeals in felony cases are governed by article 11.07 of the Texas Code of Criminal Procedure); *Conroy v. State*, No. 03-15-00480-CR, 2015 WL 5783395, at *1 (Tex. App.—Austin Oct. 2, 2015, no pet.) (mem. op, not designated for publication) ("[T]he Texas Court of Criminal Appeals is the only court with jurisdiction to consider a motion for an out-of-time appeal.").

Because appellant's notice of appeal was untimely, we have no basis for jurisdiction over this appeal. *See Slaton*, 981 S.W.2d at 210; *Olivo*, 918 S.W.2d at 522. Accordingly, we dismiss the appeal for want of jurisdiction. TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Chief Justice Radack and Justices Goodman and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).